# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

CLYDE BAXTER,
    Petitioner,

v.

No. 3:09CV368 (SRU)

UNITED STATES OF AMERICA,
    Respondent.

## RULING ON MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE

Clyde Baxter is currently confined at Federal Correctional Institution Petersburg in Virginia. He brings this action *pro se* for a writ of habeas corpus, pursuant to 28 U.S.C. § 2255, challenging his 2007 conviction for possession with intent to distribute and distribution of five grams or more of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) & 841(b)(1)(B). For the reasons that follow, Baxter's petition is denied.

## I. Background

Baxter's conviction stems from his sale of 28 grams of crack cocaine to an undercover officer in exchange for $900.00 on July 6, 2006. At trial, the government's witnesses included Baxter's nephew and co-defendant, Abdul Baxter, the undercover officer who took part in the transaction, and two other law enforcement officers who provided support during the controlled narcotics exchange. Video and audio recordings corroborated the testimony of the witnesses, all of whom testified to Baxter's involvement in the sale of crack cocaine.

On December 18, 2007, a jury returned a guilty verdict, and on March 26, 2008, I granted Baxter a downward departure from the sentencing range of 360 months' to life imprisonment and sentenced him to the mandatory minimum sentence of 120 months of incarceration. Judgment entered on April 3, 2008. Baxter appealed his conviction to the Second Circuit Court of Appeals,

arguing that the evidence was insufficient to support his conviction. On December 17, 2008, the Court of Appeals affirmed the conviction. The mandate issued on February 5, 2009.

On March 2, 2009, Baxter filed this petition seeking to vacate his conviction on the grounds that his counsel at trial was constitutionally ineffective for failing to move for a judgment of acquittal after the verdict and that I erred by enhancing his sentence based on findings not made by a jury.

## II. Standard of Review

In order to support a claim for relief under 28 U.S.C. § 2255, a petitioner must establish that his or her "sentence was imposed in violation of the Constitution or Laws of the United States." 28 U.S.C. § 2255. "As a general rule, 'relief is available under § 2255 only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law that constitutes a fundamental defect which inherently results in a complete miscarriage of justice.'" *United States v. Napoli*, 32 F.3d 31, 35 (2d Cir. 1994) (quoting *Hardy v. United States*, 878 F.2d 94, 97 (2d Cir. 1989)). The standard is a high one, and constitutional mistakes will not be fixed through a writ of habeas corpus unless they have had a "substantial and injurious effect," that results in "actual prejudice." *Brecht v. Abrahamson*, 507 U.S. 619, 623 (1993).

## III. Discussion

### A. Ineffective Assistance of Counsel Claim

As an initial matter, it is worth noting that Baxter is not barred from asserting his ineffective assistance of counsel claim even though his lawyer failed to raise it on appeal. Although it is a general rule that a claim may not be asserted in a habeas petition unless it was raised on direct review, *Reed v. Farley*, 512 U.S. 339, 354 (1994), this procedural default rule does not apply to claims of ineffective assistance of counsel. *Massaro v. United States*, 538 U.S.

500, 505-06 (2003).

The Constitution affords a right to effective assistance of counsel in criminal cases. *Strickland v. Washington*, 466 U.S. 668, 684 (1984). In order to prevail on an ineffective-assistance-of-counsel claim, a defendant must show: (1) that his attorney's performance "fell below an objective standard of reasonableness," *id.* at 688, and (2) "that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687; *see also United States v. Jones*, 455 F.3d 134, 151 (2d Cir. 2006). In addressing the adequacy of representation, courts "must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689.

The failure of Baxter's trial counsel to move pursuant to Federal Rule of Criminal Procedure 29(a) for a judgment of acquittal after trial was neither objectively unreasonable nor a source of prejudice. In evaluating a defense counsel's decision not to file a motion, the court will look to see whether counsel demonstrated "professional discretion in deciding whether there are sufficient grounds to file a motion." *United States v. Di Tommaso*, 817 F.2d 201, 215 (2d Cir. 1987). The Second Circuit is reluctant "to require defense counsel routinely to file boilerplate motions merely to vindicate their professional competence without regard for the grounds supporting such motions." *Id.*

A court may only enter a judgment of acquittal where "the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). Evidence is sufficient to sustain a conviction where, "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. MacPherson*, 424 F.3d 183, 187 (2d Cir. 2005) (internal quotation marks

omitted). In this case, the evidence offered by the government at trial was overwhelming, including testimony from Baxter's nephew and co-defendant, Abdul Baxter, a forensic chemist with the Drug Enforcement Agency, and multiple law enforcement agents, all of which was consistent with audio recordings and video tapes of Baxter distributing crack cocaine. Given the conclusive strength of the government's evidence, a Rule 29 motion would have been unavailing, and even frivolous. As a result, counsel's decision not to file the motion was entirely reasonable. For those reasons, Baxter's ineffective assistance of counsel claim fails under both prongs of the *Strickland* test.

### B. Sentencing Error Claim

Baxter argues that I erred by increasing the statutory sentencing range that applied to him based on a finding of serious bodily injury without allowing the jury to consider the factual basis for the enhancement. That assertion is meritless. After the government filed a second offender information pursuant to 21 U.S.C. § 851, based on Baxter's prior felony drug convictions, Baxter's mandatory minimum sentence increased from five years to ten years pursuant to 21 U.S.C. § 841(b)(1)(B). The Sixth Amendment requirement that a jury find facts that change the statutory sentencing range applicable to a criminal defendant does not extend to facts relating to prior convictions. *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000).

At sentencing, Baxter took issue with a 1996 drug conviction that the government identified in its second offender information. As a result of that challenge, I did not consider the 1996 conviction when determining Baxter's sentencing range. The government's information, however, included another qualifying state court drug conviction from 1993 that Baxter did not contest. As such, even after disregarding the disputed conviction, the government's notice was sufficient to support an enhancement in the mandatory minimum sentence. There was no error in

my determination of Baxter's statutory sentencing range.

## IV. Conclusion

For the foregoing reasons Baxter's petition (doc. # 1) and motion for summary judgment (docs # 5 & 6) are **DENIED**.  A Certificate of Appealability will not issue because Baxter has failed to make a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

It is so ordered.

The Clerk is directed to close the file.

Dated at Bridgeport, Connecticut, this 18th day of November 2010.

/s/ Stefan R. Underhill
Stefan R. Underhill
United States District Judge